PHYSICIANS COMMITTEE FOR
RESPONSIBLE MEDICINE,
et al., Plaintiffs,

v.

Michael LEAVITT, Administrator,
United States Environmental Protection Agency, Defendant.

No. 02 Civ. 7049(LTS)(KNF).

United States District Court,
S.D. New York.

Aug. 19, 2004.

Mindy S. Kursban, Physicians Committee for Responsible Medicine, Washington, DC, Susan L. Hall, People for the Ethical Treatment of Animals, Norfolk, VA, Robert S. Friedlander, New York, NY, for Plaintiffs.

David N. Kelly, United States Attorney for the Southern District of New York, By: Sean H. Lane, Assistant United States Attorney, New York, NY, for Defendant.

*MEMORANDUM ORDER*

SWAIN, District Judge.

Before the Court in this action arising from the Environmental Protection Agency's ("EPA") implementation of its HPV Challenge Program, under which chemical manufacturers voluntarily gather data and perform certain testing of high production volume ("HPV") chemicals,[1] are the second motion for summary judgment of Plaintiffs Physicians Committee for Responsible Medicine ("PCRM"), People for the Ethical Treatment of Animals ("PETA"), American Anti–Vivesection Society ("AAVS"), Alternatives Research & Development Foundation ("ARDF"), Rosa Naparstek and Scott Mishler, as well as the

---

1. Chemicals that are produced or imported into the United States in amounts equal to or greater that 1 million pounds per year.

second cross-motion for summary judgment of Defendant EPA. Both motions are made pursuant to Federal Rule of Civil Procedure 56.

The parties had previously filed cross-motions for summary judgment pursuant to Rule 56, which the Court resolved in an Amended Opinion and Order dated as of August 25, 2003.[2] The Court granted Defendant's motion with respect to Plaintiffs' *ultra vires* and Federal Advisory Committee Act ("FACA") claims and denied Plaintiffs' motion for summary judgment with respect to those claims. The Court also denied Plaintiffs' request for further discovery relating to their FACA claim. As to Plaintiffs' claim that the EPA has, *de facto,* made findings under section 2603(a)(1)(B) of the Toxic Substances Control Act ("TSCA"), both Plaintiffs' and Defendant's motions were denied without prejudice. The parties' renewed summary judgment motions, which augment the record concerning EPA's decision making processes and the operation of the HPV Challenge Program, are before the Court today.

Plaintiffs seek an order both declaring that the EPA has violated TSCA through its involvement in the HPV Challenge Program and enjoining the EPA from any further involvement in the testing of HPV chemicals unless it engages in formal rulemaking pursuant to section 2603(a). Under TSCA's citizen suit provision, any person may bring a civil action against the EPA administrator "to compel the Administrator to perform any act or duty under this chapter which is not discretionary." 15 U.S.C.A. § 2619(a)(2). As explained in *PCRM I,* EPA only has an obligation to engage in formal rulemaking under TSCA if it makes certain findings in connection with a particular chemical substance or mixture. Plaintiffs contend that EPA has, *de facto,* made all of the requisite "B-track" findings of substantial production, substantial release and/or substantial human exposure, insufficiency of data and necessity of testing for all HPV chemicals for which it has approved or failed to object to proposed testing by HPV Challenge Program sponsor companies. As a result, Plaintiffs contend, EPA has a non-discretionary duty to initiate formal rulemaking proceedings for all such chemicals.

In *PCRM I,* the Court found that all HPV chemicals by definition met the criteria established in EPA guidelines for substantial production, but declined to decide whether EPA has, *de facto,* made findings under section 2603(a)(1)(B) of TSCA as to substantial release and/or substantial exposure, insufficiency of the data and/or necessity of testing, absent a more developed factual record. It is these issues that are the focus of the instant motion practice. Because Defendant concedes for purposes of these motions that it has made, *de facto,* the requisite finding of substantial production with respect to the entire universe of HPV chemicals, and findings of data insufficiency and necessity of testing with respect to those chemicals for which it reviewed a sponsor's robust summary and then recommended, approved and/or failed to object to proposed testing of that chemical,[3] the only issue remaining for the Court to consider is whether EPA has made, *de facto,* Section 4 findings of substantial release and/or substantial exposure with respect to those chemicals for which it did not object to testing. There are no disputed issues of material fact. Plaintiffs cite certain public statements of

2. *Physicians Comm. For Responsible Med. v. Horinko,* 285 F.Supp.2d 430 (S.D.N.Y.2003) (*"PCRM I"*). Familiarity with *PCRM I* is presumed.

3. Def.'s Reply Br. at 9.

the EPA in communications relating to the HPV program and in presentations to a congressional subcommittee, arguing that those statements amount to *de facto* findings of substantial release and/or exposure within the meaning of TSCA section 2603(a)(1)(B)(i). Defendant has proffered affidavits detailing its customary procedures and chain of command in connection with the types of findings at issue here.

The Court has considered thoroughly the written submissions and oral arguments made in connection with the instant motions. The Court concludes, for the reasons that follow, that even when viewing the facts in the light most favorable to Plaintiffs, no rational factfinder could conclude that EPA has made the requisite findings of substantial release and/or substantial exposure, either with respect to the entire universe of HPV Challenge Program chemicals, or with respect to any subset of that universe. Accordingly, Plaintiffs' second motion for summary judgment is denied, and Defendant's cross-motion for summary judgment is granted in its entirety.

## DISCUSSION

### Summary Judgment Standard

Summary judgment shall be granted in favor of the moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Holt v. KMI–Continental, Inc.*, 95 F.3d 123, 128–29 (2d Cir. 1996). "If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary

judgment is improper." *Id.* at 129. When cross-motions for summary judgment are filed, "the standard is the same as that for individual motions for summary judgment." *Natural Resources Defense Council v. Evans*, 254 F.Supp.2d 434, 438 (S.D.N.Y.2003). "The court must consider each motion independently of the other and, when evaluating each, the court must consider the facts in the light most favorable to the non-moving party." *Id.* (citing *Morales v. Quintel Entertainment, Inc.*, 249 F.3d 115, 121 (2d Cir.2001)).

### Plaintiffs' Contention that EPA has, De Facto, Made Findings of Substantial Release and/or Substantial Exposure

Plaintiffs contend that a series of general statements made by EPA in the Federal Register, in correspondence, in a study relating to HPV Chemicals and in connection with certain House subcommittee hearings, amount to *de facto* findings of substantial release and/or substantial exposure with respect to the universe of HPV Challenge Program chemicals. These statements generally assert that HPV chemicals are widespread, including being present in construction materials and products used in homes, and that high production volume chemicals have a greater potential for exposure than low production volume chemicals. Plaintiffs also cite an EPA statement, in response to a query by House Subcommittee members, that "[p]roduction volume is an internationally recognized surrogate for exposure potential." 10/24/03 Decl. of Counsel, Exh. 1, *EPA's High Production Volume (HPV) Chemical Testing Program: Hearing Before the Subcomm. on Energy and Environment of the House Comm. on Science*, 106th Cong. 224 (1999) (EPA's response to post-hearing question by Subcomm. member).

In connection with the current motion practice, EPA has supplemented the earli-

er record on this issue with affidavits by various EPA personnel, detailing the agency's procedures for making scientific findings in connection with rulemaking proceedings, the degree to which the agency's Administrator has formally delegated authority to subordinates to make findings of the sort at issue here and the various committees, procedures and levels of approvals that would have been involved in a formal TSCA procedure on the substantial release and/or exposure issue. This evidence, the content of which Plaintiffs do not dispute, indicates that formal proceedings on this issue would normally have involved: (a) the establishment of a workgroup within EPA's Office of Pollution Prevention and Toxics ("OPPT") to conduct a review regarding which HPV Program chemicals satisfy the statutory requirements for rulemaking, what data exist to support the making of Section 4 findings and the development of proposed test rules to fill in data gaps for HPV Program chemicals; (b) the presentation of information from the OPPT workgroup to the OPPT Office Director, whose task it would then be to make a recommendation to the Assistant Administrator for the Office of Prevention, Pesticides and Toxic Substances ("OPPTS"), who is the only EPA official (besides the Administrator) authorized to make Section 4 findings, regarding both the appropriateness of making Section 4 findings in the first place, and of any proposed test rules. EPA has also proffered undisputed evidence that it would be impossible to make the requisite finding of likely substantial release or substantial human exposure as to certain of the 2,800 or so HPV chemicals because they are "closed system intermediates" that are specifically insulated from release into the environment. Accordingly, such chemicals have a limited potential for public exposure.

Plaintiffs' position with respect to substantial release/exposure is necessarily premised on the notion that, for any given one of the HPV chemicals, the general statements are both accurate and sufficient to constitute the requisite findings of substantial release and/or exposure. Defendant's evidence demonstrates that Plaintiffs' proposition is untenable with respect to at least some of the chemicals; thus it is apparent from the undisputed factual record that Plaintiffs cannot carry their burden of demonstrating that the statements they cite constitute *de facto* findings of substantial release and/or exposure for each of the approximately 2,800 chemicals.

Furthermore, although the absence of formal findings is not determinative of a claim of *de facto* findings, Defendants' evidence as to the types of inquiries it would normally make and its normal decision making process for issues of this type is relevant to the question of whether informal agency action constitutes a *de facto* finding. Here, Defendant has proffered evidence that it has not examined any of the exposure or release issues outlined in TSCA protocol as to the 2,800 HPV chemicals, and that the evaluating bodies and decision makers within the agency that would necessarily be involved in a formal decision making process in this regard have not been involved in examining these issues. This evidence provides useful context as to the breadth and complexity of considerations that go into making the decision of whether or not to make a formal finding of substantial release and/or substantial exposure pursuant to Section 4 of TSCA.

Plaintiffs have proffered no evidence to indicate that the general statements made by EPA were the product of an analysis that in any way approximates, or can be substituted for, the type of analysis that would be required for a formal finding of substantial release and/or substantial exposure. *Cf. Natural Resources Defense*

*Council, Inc. v. Thomas,* 689 F.Supp. 246, 254 (S.D.N.Y.1989), *aff'd,* 885 F.2d 1067 (2d Cir.1989) (Second Circuit affirmed district court's rejection of claim that EPA, by virtue of statements made in the Federal Register, had made the "functional equivalent" of a finding that certain chemicals were "hazardous air pollutants" within the meaning of the Clean Air Act, thus triggering a nondiscretionary duty on the part of EPA to include them on a list of hazardous pollutants and begin the process of establishing emission standards for them; the district court declined to substitute its own opinion for that of the Administrator when the Administrator specifically denied it had made the requisite findings under the statute and had concluded that available information was insufficient to make such findings.) Nor has Plaintiff proffered any evidence to indicate that the requisite analysis of exposure and release issues was performed by the agency in connection with its evaluation of the "robust summaries" submitted in relation to the HPV Challenge Program. (*Compare* Def.'s R56.1 Stmt. at ¶ 30 and accompanying evidence *with* Pl's response to Def.'s R56.1 Stmt. at ¶ 30.) Therefore, the Court finds that a rational factfinder could not conclude that the general statements cited by Plaintiff amount to *de facto* findings of substantial release and/or substantial exposure within the meaning of Section 4 of TSCA with respect to all 2,800 HPV chemicals, or any subset of those chemicals as to which the EPA has permitted or encouraged testing.

## CONCLUSION

Even when viewing the facts in the light most favorable to Plaintiffs, a rational factfinder could not conclude that Plaintiffs have proffered sufficient evidence to establish that EPA has made *de facto* findings of substantial release and/or substantial exposure with respect to the entire universe of HPV Challenge Program chemicals, or with respect to any subset of that universe. Absent a finding of either substantial release or substantial exposure, EPA's mandatory duty under TSCA section 2603(a)(1)(B) to initiate formal rulemaking cannot be triggered and this Court has no jurisdiction to direct the commencement of rulemaking proceedings.[4] Thus, a rational factfinder could not conclude that Defendant has violated TSCA. Accordingly, Plaintiffs' motion for summary judgment is denied and Defendant's cross-motion for summary judgment is granted. Plaintiffs' complaint is hereby dismissed. Each party shall bear its own costs.

SO ORDERED.

---

4. Plaintiffs also seek an injunction enjoining EPA from any further involvement in the testing of HPV chemicals unless it engages in formal rulemaking pursuant to Section 4 of TSCA. Even if the Court had found that EPA had made the requisite B-track findings to require formal rulemaking, the Court lacks the authority to grant such relief under TSCA's citizen suit provision, which only confers jurisdiction upon the Court to compel the Administrator to perform an act or duty which is not discretionary. 15 U.S.C.A. § 2619(a)(2).

In a letter, dated February 25, 2004, submitted after briefing and oral argument, Plaintiffs argue that the Court has jurisdiction to enter an injunction pursuant to 15 U.S.C.A. § 2619(a)(1), which provides that any person may commence a civil action against any governmental instrumentality or agency that is alleged to be in violation of TSCA in order to restrain such violation. The Court, however, need not decide whether section 2619(a)(1) provides a viable alternative basis for subject matter jurisdiction because the Court has determined herein that a rational factfinder could not conclude that EPA has violated TSCA.